York, 251 U. S. 516, makes the same comment; that is, in substance he says that that the consent of the owner was implied from the fact that the law and the rules and regulations imposing the water rents, preceded the service, which the owner permitted his property to receive, and likewise the water charge in controversy was imposed and made a lien on plaintiff's property by these rules, and the consent of plaintiff in implied. No other conclusion can be possible.

The judgment is therefore reversed and the cause remanded, with instructions to overrule the demurrer, and for further proceedings according to law. Exceptions saved.

Before Judges Hughes, Justice & Crow.

## STATE ex BALL v INDUSTRIAL COMMISSION

Ohio Supreme Court
No 22196. Decided May 7, 1930

Kinkade, Matthias, Day and Allen, JJ., concur. Marshall, C. J., and Robinson, J. concur in judgment.

## MOLNAR v BERISWELL, et

Ohio Supreme Court
No 21998. Decided May 7, 1930

Marshall, C. J., Kinkade, Robinson, Day and Allen, JJ., concur. Jones, J., dissents from the judgment.